IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**WILLIE B. ROBERTSON,**

    **Plaintiff,**

vs.                                          Case No. 4:06CV118-SPM/WCS

**STATE OF FLORIDA, et al.,**

    **Defendants.**

    _____/


## REPORT AND RECOMMENDATION

    Before the Court is the *pro se* Plaintiff's amended civil rights complaint. Doc. 10.[1] Plaintiff, who is civilly detained in the Florida Civil Commitment Center in Arcadia, Florida, has brought allegations against two nurses at the Center for the denial of medical care and improper medical practices. None of the Defendants are within the Northern District of Florida, and none of Plaintiff's allegations concern events within this District. The events about which Plaintiff complains occurred at the Civil Commitment

---

[1] The initial complaint was accidentally filed in a habeas petition brought by Plaintiff in case 3:05cv14, and by court order entered on March 8, 2006, by Magistrate Judge Miles Davis, the Clerk was directed to open a new civil rights case for Plaintiff. Doc. 1 of this case.

Center in Arcadia. Because Arcadia is located in the Middle District of Florida, as are both of the named Defendants, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." A court may raise the issue of defective venue *sua sponte*. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). In the interest of justice, it is recommended that this case be transferred to the Middle District.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 8, 2006.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 4:06CV118-SPM/WCS